IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mary Duren, | ) | Civil Action No.: 6:13-cv-3142-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Mary Duren, brought this action pursuant to 42 U.S.C. §405(g), to obtain

judicial review of the final decision of the Commissioner of Social Security denying her claim for

disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI").

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one.  Section 405(g) of the Act provides: "[T]he findings of the

Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42

U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla,

but less than preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g.,

Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966);

Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976).  This standard precludes a de novo review

of the factual circumstances that substitutes the Court's findings for those of the Commissioner. See,

e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968).

"[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such

decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773,

775 (4th Cir. 1972).  As noted by Judge Soboloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969),

"[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## **Administrative Proceedings**

The plaintiff filed an application for DIB and SSI in June of 2011, alleging a disability onset date of June 1, 2009, due to sarcoidosis; thyroid, kidney, and liver problems; hepatitis C; reflux; and depression. After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge. Before the hearing was held, she amended her onset date to July 7, 2011. The hearing was held on March 21, 2013. The ALJ issued an unfavorable decision on May 2, 2013. The Appeals Council denied the plaintiff's request for review of the ALJ's decision, thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2. The claimant has not engaged in substantial gainful activity since July 7, 2011, the amended onset date (20 CFR 404.1571 and 416.971 *et seq.*).

3. The claimant has the following severe impairments: pulmonary sarcoidosis and chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925

2

and 416.926).

5.  After careful consideration of the entire record, I find that the claimant
has the residual functional capacity of no lifting or carrying over 20 pounds
occasionally and 10 pounds frequently; with a 60-minute sit/stand option at the
workstation; and in an environment free from dust, fumes, gases, odors, and
extremes of temperature and humidity.

6. The claimant is capable of performing past relevant work as a dispatcher.
This work does not require the performance of work-related activities precluded
by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social
Security Act, from July 7, 2011, through the date of this decision
(20 CFR 404.1520(f) and 416.920(f)).

(Tr. 15-25).

## Facts

The plaintiff was 58 years old on the amended alleged onset date.  She has a GED degree

and has prior work experience as a housekeeper and a dispatcher.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States

Magistrate Judge Kevin F. McDonald.  On January 13, 2015, Magistrate Judge McDonald filed a

Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be

affirmed.  The plaintiff filed objections to the Report on February 1, 2015.  The Commissioner filed

a Response on February 19, 2015.  The Magistrate Judge concluded that the record contains

substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the court.

3

Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

At the outset, the respondent contends that the plaintiff 's objections are not timely. The Court agrees. The Report and Recommendation was filed on January 13, 2015. Fed. R. Civ. P. 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 6(d) provides that, when service is made pursuant to Rule 5(b)(2)(E), "three days are added after the period would otherwise expire under Rule 6(a)." Fourteen days after January 13, 2015 expired on January 27, 2015. The three additional days for mailing ended on Friday, January 30, 2015. The objections were filed on Sunday, February 1, 2015. Accordingly, the Court will review the R&R for clear error.

***Treating Physician Dr. Mattar***. The claimant first asserts that the Magistrate Judge erred in

4

finding the ALJ's evaluation of the medical opinion of treating physician Dr. Mattar to be supported by substantial evidence. She asserts that, "[s]pecifically, the ALJ did not explain why he found Dr. Mattar's opinion that Duren would miss three to four days a month to be internally inconsistent, nor did he cite other treating or examining opinions that conflict with Dr. Mattar's opinion." (ECF No. 25, p. 1)

The Court finds that the claimant's objections lack merit. The opinion of a treating physician is not entitled to controlling weight if it is inconsistent with the other substantial evidence in the case. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ thoroughly and cogently discussed the matter as follows:

> Although Dr. Mattar has indicated that the claimant is likely to be absent from work about three to four days per month, this conclusion is not substantiated by the medical evidence. On a rather consistent basis, Dr. Mattar has indicated in his treatment notes that the claimant's mental and physical exams have typically been normal. The claimant's treatment has been conservative and limited to routine and regular office visits. The record shows only one hospitalization for approximately five days in July 2011, and no emergency room visits associated with any of the claimant's alleged conditions and symptoms. Pulmonary function testing has only shown mild abnormalities. Treatment notes from other providers, including the claimant's primary care physician and treating nephrologist, have also shown normal or nearly normal exams. Dr. Mattar's assessment of possible absenteeism also appears inconsistent with his other conclusions. For example, on the medical source statement form, Dr. Mattar has checked both lines for occasionally and rarely lifting and carrying up to 50 pounds. Dr. Mattar has also indicated that the claimant does <u>not</u> need scheduled breaks during the eight-hour working shift (emphasis added). If the claimant is capable of lifting and carrying this substantial weight of 50 pounds, and she does not need unscheduled breaks, it does not seem logical that she would have such extreme absenteeism. . . While Dr. Mattar has indicated that the claimant has pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple tasks on an occasional basis, this conclusion is not supported by the medical evidence. Treatment notes throughout the record, which cover an expanse of several years, consistently show that the claimant has not appeared in any apparent distress at office visits.

(Tr. 19)

The ALJ's conclusion that the claimant would not need to be absent from work for several days

per month was supported by substantial evidence.  As the Magistrate Judge observes, "the undersigned finds reasonable the ALJ's conclusion that someone who could lift fifty pounds without any unscheduled breaks during an eight-hour workday, as Dr. Mattar proposed, was likely not suffering from symptoms or effects that would cause her to miss work entirely."  (ECF No. 24, p. 14) Also, and more importantly, the medical evidence as summarized by the ALJ does not support Dr. Mattar's opinion that she would need to be absent from work three to four days per month.  Therefore, no clear error has been shown.

**Past Relevant Work.**  The claimant also asserts that the ALJ failed to comply with SSR 82-62 in finding that she could return to her past relevant work as a dispatcher.  "Specifically, Duren argues that the ALJ did not provide specific findings or analysis regarding the physical and mental demands of the work."  (ECF No. 25,  p.4) In addition, she argues that the RFC indicated that Duren could only work in an environment "free from" dust, fumes, gases, odors and extremes of temperatures and humidity, but the hypothetical question to the VE asked about work "reasonably free" from the irritants.

The Court agrees with the Magistrate Judge that "although the ALJ could have made more detailed findings, he satisfied SSR 82-62 by providing a DOT number and occupational title that corresponds with the plaintiff's past work."  (ECF No. 24, p. 21) Here, the plaintiff did not argue that the description in the DOT did not adequately describe her past work as a dispatcher.  Therefore, the ALJ properly relied on the testimony of the VE that the dispatcher position involved physical and mental demands that were consistent with the plaintiff's RFC.  The Court also agrees with the Magistrate Judge that the ALJ's statement in his RFC finding that the working environment must be "free from" irritants was a typographical error, as it was based on the opinion of Dr. Mattar that the claimant should "avoid" exposure to irritants.  (Tr.  19 citing Tr. 491) In addition, any error in the

6

hypothetical question to the VE was harmless, as the dispatcher position does not require exposure to environmental irritants other than noise.  DICOT 913.367-010, 1991 WL 687822 (cited in R&R at p. 23) Thus, the plaintiff has shown no clear error.

***Credibility Determination.***  Finally, the claimant asserts that the credibility determinations by the ALJ were not supported by substantial evidence and that the magistrate engaged in post hoc rationalization. The claimant's main argument appears to be that the ALJ did not discuss two aspects of her testimony: (1) that the reason she did not report the side effects of medication to her doctors was because they had warned her of possible side effects, and she did not want to complain; and (2) that she had good days and bad days, so this would explain her testimony that she could not get out of bed for one third of the month.  The ALJ found that the medical records did not reflect that the plaintiff reported any side effects of medications to her doctors.  He just did not mention the plaintiff's testimony as to the reason that she did not report them.  Also, the ALJ actually did refer to the plaintiff's testimony that she had ten bad days per month and that on bad days she does not get out of bed.  (Tr. 24) However, he found that she did not report this to her doctors and that "[t]his failure to report such a debilitating symptom does not bolster the claimant's allegations." Id.  After reviewing the record and the ALJ decision, the Court concludes that the credibility findings were supported by substantial evidence.  See Report and Recommendation, pp. 18-19.

The Magistrate Judge's R & R thoroughly discusses the applicable law, the evidence of record, and the ALJ's findings.  This court has carefully reviewed Plaintiff's objections and conducted the required clear error review of Petitioner's claim.  Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct.  Accordingly, Petitioner's objections are overruled and the Magistrate Judge's recommendation to affirm the

7

Commissioner's decision is adopted.

### Conclusion

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell            
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 19, 2015